UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                          :
UNITED STATES OF AMERICA,       :
                                                          : **ORDER DENYING**
      -against-                              : **MOTION FOR**
                                                          : **COMPASSIONATE**
SAHIL PATEL,                             : **RELEASE**
                                                          :
                        Defendant.      : 14 Cr. 158 (AKH)
                                                             :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Sahil Patel (hereinafter "Defendant" or "Patel") moves for compassionate release in light of the COVID-19 pandemic and his preexisting health conditions. ECF No. 93. Patel is currently serving a 175-month sentence for his role in an extortion conspiracy. For the reasons that follow, Patel's motion is denied.

        Between December 2011 and December 2013, Patel and his co-conspirators defrauded countless individuals living in the US. *See* Gov't Opp. 1. They would obtain the personal information of their victims, engage callers in India to systematically place thousands of calls to the United States pretending to be law enforcement, and threaten financial penalties or arrest for supposed financial crimes to intimidate the call recipient into making a payment that Patel and his co-conspirators would then collect. *Id.* at 1-2. Patel participated by obtaining, receiving, and forwarding the victim's information, as well as by receiving and laundering the extorted payments. *Id.*

        On November 13, 2013, Patel was charged by complaint with four counts: interference with commerce by threat or violence (extortion conspiracy) (Count 1s), Conspiracy to defraud the United States (personation conspiracy) (Count 2s), attempt and conspiracy to commit wire fraud (Count 3s), and aggravated identity theft (Count 4s). ECF No. 1. Patel

pleaded guilty to all counts on January 29, 2015, in front of Magistrate Judge Sarah Netburn, and I accepted his plea on February 3, 2015. *See* ECF No. 44. On July 10, 2015, I imposed a sentence of 60 months on counts 2, 151 months on counts 1 and 3 to run concurrently, and 24 months on count 4 to run consecutively, for a total of 175 months. *See* Judgment, ECF No. 61. I also imposed 3 years of supervised release on counts 1-3 and 1 year on count 4 to run concurrently. *Id.* Patel now seeks compassionate release on the grounds that he is fearful of post-COVID complications.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). A court may "reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020). The Defendant bears the burden of showing he is entitled to this relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

Patel alleges that he suffers from back disk degeneration, hypertension due to sporadic anxiety, skin level tuberculosis, as well as a host of psychological issues. Mot Compass. Release ("Def. Mot.") 1, ECF No. 93. Patel states that he "is no longer afraid of contracting COVID 19 as he already has asymptomatically, however he fears now for the post COVID related consequences." *Id.* at 3. The Government argues that Patel has not established extraordinary and compelling reasons to warrant compassionate release, as his health conditions

do not place him at higher risk and he has not alleged that he is afraid of or suffering from any specific complications. The Government also argues that the Section 3553(a) factors weigh against Patel's release, due to the nature of his crimes and the need to provide just punishment. Gov't Opp. 5, ECF No. 95.

I find that Patel has not established extraordinary and compelling reasons justifying his release.  A defendant's preexisting conditions which increase the risks associated with the COVID-19 virus, in combination with the conditions of confinement, may constitute extraordinary and compelling reasons warranting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Pena*, No. 15-cr-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020) (modifying sentence to time served due to inmate's hypertension, in combination with risk of COVID-19, presented extraordinary and compelling reasons). However, "[t]he risks posed by [the] COVID-19 pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease."  *United States v. Nehmad*, No. 16-cr-829 (AKH), 2020 WL 4586798, at *1 (S.D.N.Y. Aug. 10, 2020) (quoting *United States v. Hasan-Hafez*, No. 16 Cr 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020)) (denying compassionate release where medical conditions were not considered high risk with respect to COVID-19.)  While hypertension is "a comorbidity that increases the likelihood of serious risk from COVID-19," *US v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4, none of Patel's other medical conditions place him at increased risk of contracting COVID-19.  Furthermore, Patel has not established extraordinary and compelling reasons since he alleges that he previously contracted COVID-19 asymptomatically and his risk of reinfection is low.  *See United States v. Camacho,* 13 CR. 58 (AKH), 2021 WL 260122, at *2 (S.D.N.Y. Jan. 26, 2021) (no extraordinary and compelling reasons where defendant previously contracted COVID-19); *United States v. Mateus*, No. 14 CR.

3

504-1 (KPF), 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) (collecting cases).  While Patel "fears now for the post COVID related consequences," he has not alleged that he is suffering from any complications, nor has he provided any information that would support such an allegation.  Def. Mot. 3.  Patel's generalized fear of post COVID-19 complications is therefore insufficient to constitute extraordinary and compelling reasons warranting his release under 18 U.S.C. § 3582(c)(1)(A)(i).

       For the foregoing reasons, Defendant Patel's motion for compassionate release is denied.  The Clerk is instructed to terminate the open motion, ECF No. 93.

SO ORDERED.

Dated:    March 3, 2021                   /s/   Alvin K. Hellerstein
          New York, New York        ALVIN K. HELLERSTEIN
                                            United States District Judge