

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*500 Pearl Street*
*New York, New York 10007*

March 8, 2021

**BY ECF and EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> I hereby transfer Defendant Patel's request for review of the denial of furlough to the U.S. District Court for the Middle District of Pennsylvania. The Middle District of Pennsylvania maintains jurisdiction over Patel's challenge as the District in which he is currently detained. *See Santos v. United States,* 2013 WL 1952509, at *1 (E.D.N.Y. May 10, 2013). My order of March 7, 2021 shall remain effective until that court asserts jurisdiction. This order is necessary to prevent irreparable injury to Plaintiff. See The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," by "the least restrictive means.").

Re:    *United States v. Sahil Patel*, 14 Cr. 158 (AKH)

> So ordered,
> /s/ Alvin K. Hellerstein
> Alvin K. Hellerstein
> 3/8/21

Dear Judge Hellerstein:

The Government respectfully submits this letter regarding the Court's order regarding a requested furlough by inmate Sahil Patel, who is currently detained at the CI Moshannon Valley in Philpsburg, Pennsylvania, which is located in the Middle District of Pennsylvania. By way of brief summary, on or about March 7, 2021, Sahil Patel wrote to the Court regarding the denial of a request for furlough for the purpose of attending a cremation ceremony, in Boston, Massachusetts, for the defendant's late father, then scheduled for 10:00 on the following day, March 8, 2021. At approximately 4:09 p.m. on March 7, 2021, the Court alerted the Government to Patel's request and the Court's decision to overrule the Bureau of Prisons' denial of the furlough request. At approximately 5:49 p.m., the Court provided the Government with a written order to that effect, conditioned on three concepts:

1. The Patel's family could delay the ceremony sufficiently to allow for Patel to attend the ceremony.

2. COVID-19 regulations of the BOP as well as the Commonwealth of Massachusetts including regarding quarantine are satisfied.

3. Proper arrangements can be made to assure Patel's prompt return to the custody of the BOP.

In addition, the Court's order noted the possibility that the Court's jurisdiction would not extend to the issuance of the order. (Dkt. No. 97). As previously represented to the Court, the Government has transmitted the order to Moshannon Valley. As of the time of the filing of this letter, the Government has not learned any additional details regarding the timing or delay of the ceremony.

Understanding that the issue may be moot in light of the originally scheduled date and time of the ceremony, the Government writes to request that the Court vacate the order on two jurisdictional grounds. First, discretion for the granting or denial of furlough is firmly lodged with the BOP. Second, the mechanism for a challenge of such a denial is limited and properly directed to the District Court in which the inmate is detained, here the Middle District of Pennsylvania.

"[A] furlough under Section 3622 is committed to sole discretion of the BOP. As virtually every court to consider the question appears to have held, '[t]he statute could not be clearer as to whom it vests with the authority to grant temporary release.... [It] gives authority over temporary-release decisions "to the Bureau of Prisons (BOP), not the federal courts."'" *United States v. Roberts*, 2020 WL 1700032, (Apr. 8, 2020 S.D.N.Y.) (quoting *In re Radcliff*, No. 12-1444, 2012 WL 5974172, at *1 (10th Cir. Nov. 28, 2012) (quoting *United States v. Premachandra*, No. 95-2871, 1996 WL 102567, at *1 (8th Cir. Mar. 8, 1996) (per curiam) (unpublished))); *accord McMullen v. Hambrick*, No. 93-5089, 1993 WL 302197, at *1 (6th Cir. Aug. 6, 1993) (unpublished); *United States v. Schaefer*, No. 07-CR-498 (LJL) (S.D.N.Y.), ECF No. 73 (Apr. 6, 2020), at 4; *United States v. Hernandez*, No. 19-CR-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Clark*, No. CR 10-50015-02 (JLV), 2012 WL 4324910, at *1 (D.S.D. Sept. 20, 2012); *United States v. Padilla*, No. 09-CR-3598 (JB), 2012 WL 2175749, at *3 (D.N.M. May 31, 2012).

      For the reasons set forth above, the Government respectfully requests that the Court vacate its prior order, and direct that Patel present any further request to overrule the BOP's decision to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 2241.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: /s/ Andrew C. Adams
    Andrew C. Adams
    Assistant United States Attorney
    (212)637-2340

cc:    Sahil Patel (by mail)

[Type text]

## CERTIFICATE OF SERVICE

      I, Andrew C. Adams, Assistant United States Attorney for the Southern District of New York, hereby certify that on January 22, 2021, I caused a copy of the foregoing Government's Opposition to be served by ECF and U.S. Mail upon the following:

      Sahil Patel
      BOP Reg. No. 71079-066
      555 GEO DRIVE
      PHILIPSBURG, PA  16866

Dated:    New York, New York
            January 22, 2021

            ___/s/_____
            Andrew C. Adams
            Assistant United States Attorney
            Southern District of New York
            (212) 637-2340