UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                            :

UNITED STATES OF AMERICA,              :

                                                            :     **<u>ORDER DENYING</u>**

       -against-                           :     **<u>MOTION FOR</u>**

                                                            :     **<u>RECONSIDERATION</u>**

SAHIL PATEL,                                   :

                                                            :     14 Cr. 158 (AKH)

                               Defendant.         :

                                                            :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Sahil Patel (hereinafter "Defendant" or "Patel") is currently serving a 175-month sentence for his role in an extortion conspiracy. On March 3, 2021, I denied Patel's motion for compassionate release, finding that Patel's preexisting health conditions and the COVID-19 pandemic did not establish extraordinary and compelling reasons to justify release. ECF No. 96. Patel now seeks reconsideration based on two new developments, namely, his mother's failing health and the Hindu religious obligations he must perform in the wake of his father's death.[1] Patel's motion is denied.

        Pursuant to Local Rule 6.3, reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal quotation marks and citation omitted); *United States v. Mottley*, No. 03 CR. 303 (LTS), 2003 WL 22083420, at *1 (S.D.N.Y. Sept. 9, 2003) (applying Rule 6.3 in the criminal context); *United States v. Greenfield*, No. 01 Cr. 401, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001). A

---

[1] While Patel's original motion for reconsideration challenged my previous order on the basis of his vulnerability to COVID-19, Patel submitted an addendum on \_\_\_\_ , 2021, clarifying that he sought reconsideration on the basis of his mother's health and his father's passing. *See* ECF No. \_\_\_.

motion for reconsideration "may be granted where the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Spencer*, No. 04 CR. 1156 (PAE), 2020 WL 3893610, at *3 (S.D.N.Y. July 10, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013)). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Patterson v. United States*, No. 04 CIV 3170 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006). Under 18 U.S.C. § 3582(c), the Court may not modify a term of imprisonment once imposed, except under certain limited circumstances. However, a district court "may reduce the term of imprisonment" where, after considering the movant's claims and the factors set forth in 18 U.S.C. § 3553(a), it finds "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The defendant bears of the burden of proving that relief under 18 U.S.C. § 3582 is warranted. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

I find that Patel has not provided any new evidence which would justify compassionate release. As an initial matter, I find that Patel's fear of COVID-19 does not constitute grounds for release. *See United States v. Borelli*, No. 84-CR-63 (LAP), 2021 WL 2228075, at *3 (S.D.N.Y. June 2, 2021) (finding no extraordinary and compelling circumstances when considering well-managed health conditions alongside the fact that he is fully vaccinated against COVID-19)*; United States v. Poupart*, 2021 WL 917067, at *1–*2 (D. Conn. Mar. 10, 2021) (finding that no extraordinary and compelling reasons existed when the defendant received at least one dose of the COVID-19 vaccine). Since his original motion, Patel has been vaccinated against COVID-19. This, in combination with Patel's prior assertions that he previously contracted COVID-19 weigh against release.

Nor has Patel established that release is warranted on the basis of his mother's health. Family circumstances rise to the level of "extraordinary and compelling reasons" in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." *See* U.S.S.G § 1B1.13 n.1(C); *United States v. Mota,* No. 17-CR-123 (LAP), 2021 WL 2418330, at *2 (S.D.N.Y. June 14, 2021). However, courts in this District have held that "the need to care for one's aging and sick parent may, in certain circumstances, warrant a finding that an extraordinary and compelling reasons exists," under the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D). *See United States v. Yoda*, No. 15 CR 95, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020). The defendant must be the "only available caregiver" to establish extraordinary and compelling reasons. *See United States v. Lindsey,* No. 13 Cr. 271 (LTS), 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021); *Yoda*, 2020 WL 5502325, at *3 (S.D.N.Y. Sept. 11, 2020) (alternate caretakers existed where Defendant had several siblings living nearby); *see also United States v. Wilson*, No. 10-CR-363S (1), 2021 WL 2327312, at *3–5 (W.D.N.Y. June 8, 2021) (finding no extraordinary and compelling reasons where an alternate, but less convenient caregiver lived nearby and where defendant did not establish that no alternative sources of care were available); *United States v. Pabon*, 17 Cr. 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021).

I find that Patel is not the only available caregiver for his mother. Patel's sister has been providing care to his mother since his father's passing, and Patel's brother and his family have been granted Lawful Permanent Residency status and are planning to move to the United States once immigration processing resumes. *See* ECF No. 98. Patel has outlined the difficulties that his siblings will face in caring for his mother, in terms of balancing work, family, and, in the case of his brother, acclimating to the United States; however, these burdens do not constitute extraordinary and compelling reasons justifying his release. *See United States v. Cajigas*, No. 08-CR-391 (VM), 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020) (no release

3

warranted where defendants fiancée had been caring for his child for a few months, even with difficulty); *United States v. John*, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (no reduction in sentence where defendant's wife struggled to care for their young children and ailing parents); *United States v. Heaphy*, No. 17-CR-168 (JAM), 2020 WL 5633285, at *4 (D. Conn. Sept. 21, 2020) (no extraordinary and compelling reason existed although the caretaker had to balance work, childcare, and schooling); *United States v. Figueroa*, No. 15-CR-495 (ARR), 2021 WL 664004, at *3 (E.D.N.Y. Feb. 19, 2021).

Finally, I hold that Patel's religious obligations relating to his father's recent death do not constitute extraordinary and compelling circumstances justifying his release. The inability to attend a parent's funeral or tend to religious practices is not extraordinary; indeed, many inmates serving extended sentences face similar circumstances. *C.f. United States v. Vailes*, No. 16-CR-297 (AMD), 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors."). Patel has described the distress that his family has faced because he is unable to perform the traditional religious rite for his father's death, however, "hardship on the family almost always results from serious criminal conduct." *See United States v. Mojica*, No. 19-CR-629 (CS), 2020 WL 6746478, at *1 (S.D.N.Y. Nov. 16, 2020) (noting that). Patel therefore has not established extraordinary or compelling reasons warranting release.

For the foregoing reasons, Defendant Patel's motion for reconsideration is denied. The Clerk is instructed to terminate the open motion, ECF No. 112.

4

SO ORDERED.

Dated: July 9, 2021  /s/ Alvin K. Hellerstein
New York, New York ALVIN K. HELLERSTEIN
United States District Judge