```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :     ORDER DENYING MOTION
            -against-                                          :     FOR MODIFICATION OF
                                                               :     SENTENCE
SAHIL PATEL,                                                   :
                                                               :     14 Cr. 158 (AKH)
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Sahil Patel ("Patel") is currently serving a 175-month sentence for his role in an extortion conspiracy. Patel has filed numerous post-judgment motions, including a Motion to Vacate Under Section 2255 (ECF No. 79), a Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (ECF No. 93), and a Motion to Reconsider Order Denying Motion for Compassionate Release (ECF No. 112), all of which I have denied. ECF Nos. 85, 96, 119.[1] Patel now moves to modify his sentence under 18 U.S.C. § 3582(c), in light of Amendment 792, which adjusted the definition for "intended loss." ECF No. 121.

        Section 1B1.10 of the United States Sentencing Guidelines (the "Guidelines") addresses the circumstances under which a court may modify a defendant's sentence when a subsequent amendment to the Guidelines has the effect of revising the defendant's sentencing range. Section 1B1.10(d) identifies specific amendments that constitute grounds for a modification of sentence, and "[e]ligibility for consideration under 18 U.S.C. § 3582(c) is triggered only by an amendment listed in subsection (d)[.]" U.S.S.G. § 1B1.10, Application

---

[1] The Court of Appeals for the Second Circuit denied Defendant's motion for certificate of appealability under Section 2253(c). ECF No. 91. Defendant's appeal regarding my denial of his motion for compassionate release is still pending before the Second Circuit. ECF No. 120.

1

Note 1(A) (2016).  Amendment 792 is not listed in subsection (d), and therefore, does not apply retroactively to defendants, such as Patel, who seek relief on collateral review.  *See United States v. Kergil*, 741 Fed. App'x 846, 848 (2d Cir. 2018).  Accordingly, I "may not apply [Amendment 792] to reduce [Patel's] sentence."  *Id.*

      Patel's motion is denied.  The Clerk of the Court shall terminate the motion (ECF No. 121).

      SO ORDERED.

| | | |
|---|---|---|
| Dated: | November 4, 2021<br>New York, New York |   /s/ Alvin K. Hellerstein<br>ALVIN K. HELLERSTEIN<br>United States District Judge |