UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                              :

UNITED STATES OF AMERICA,            :

                                                          :    **ORDER DENYING SECOND**
       -against-                                 :    **MOTION FOR**
                                                          :    **COMPASSIONATE RELEASE**
SAHIL PATEL,                                     :    **AND REDUCTION OF**
                                                          :    **SENTENCE**
                         Defendant.          :

                                                            :    14 Cr. 158 (AKH)
                                                            :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Sahil Patel ("Patel") is currently serving a 175-month sentence for his role in an extortion conspiracy. Patel has filed numerous post-judgment motions, including a Motion to Vacate Under Section 2255 (ECF No. 79), a Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (ECF No. 93), a Motion to Reconsider Order Denying Motion for Compassionate Release (ECF No. 112), and a motion to modify his sentence under 18 U.S.C. § 3582(c), in light of Amendment 792, which adjusted the definition for "intended loss" (ECF No. 121), and another Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (ECF No. 123), all of which I have denied. ECF Nos. 85, 96, 119, 122, 124.[1] Patel moves once more for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), requesting that I reduce his sentence to time served, and citing as extraordinary and compelling reasons for granting relief, various physical and mental ailments that place him at higher risk for COVID-19 complications, the fact that he will be deported pursuant to an ICE detainer, his mother's ailing health, and unusually harsh prison conditions due to COVID-19. ECF No. 129. Patel also

---

[1] The Court of Appeals for the Second Circuit denied Defendant's motion for certificate of appealability under Section 2253(c). ECF No. 91. The Second Circuit has affirmed my orders denying his motion for compassionate release (ECF No. 96) and denying his motion for reconsideration (ECF No. 119). ECF No. 128.

1

moves to adjust his sentence in light of Amendment 791, claiming that the amendment would change the Offense Level from 16 to 14 and, therefore, significantly reduce his sentence. *Id.*

The motion for compassionate release is denied. Patel raises the same arguments in favor of compassionate release that he raised previously. Having considered these arguments before, and after considering them again, I find no extraordinary and compelling reasons for granting relief for the reasons stated in my order dated February 18, 2022 (ECF No. 124).

The motion to reduce Patel's sentence based on Amendment 791 also is denied. Section 1B1.10 of the United States Sentencing Guidelines (the "Guidelines") addresses the circumstances under which a court may modify a defendant's sentence when a subsequent amendment to the Guidelines has the effect of revising the defendant's sentencing range. Section 1B1.10(d) identifies specific amendments that constitute grounds for a modification of sentence, and "[e]ligibility for consideration under 18 U.S.C. § 3582(c) is triggered only by an amendment listed in subsection (d)[.]" U.S.S.G. § 1B1.10, Application Note 1(A) (2016). Amendment 791 is not listed in subsection (d), and therefore, does not apply retroactively to defendants, such as Patel, who seek relief on collateral review. *See United States v. Kergil*, 741 Fed. App'x 846, 848 (2d Cir. 2018). Accordingly, I "may not apply [Amendment 791] to reduce [Patel's] sentence." *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010) (holding that courts lack authority to reduce otherwise final sentences based on sentencing ranges that have subsequently been lowered by the Sentencing Commission pursuant to amendment unless the Sentencing Commission also makes the application of the amendment retroactive).

For the reasons provided above, and the reasons stated in my order dated February 18, 2022 (ECF No. 124), the motion for compassionate release and reduction in sentence is denied. The Clerk of Court shall terminate ECF No. 129.

SO ORDERED.

Dated:  August 2, 2022           /s/ Alvin K. Hellerstein
        New York, New York       ALVIN K. HELLERSTEIN
                                 United States District Judge